UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CR-0017-B-8 |
| | § | |
| RODNEY BROACH, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Rodney Broach (Broach)'s Motion for Compassionate Release (Doc. 949). For the reasons set forth below, the Court **DENIES** Broach's Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Broach pleaded guilty to possession with intent to distribute a controlled substance, the Court sentenced him to 188 months of imprisonment and 3 years of supervised release. Doc. 775, J., 1–3. Broach, who is now fifty-three years old, is serving his sentence at the Edgefield Federal Correctional Institute (Edgefield FCI) and is scheduled to be released in December 2030.[1] As of September 8, 2022, Edgefield FCI reports 0 active cases of COVID-19 among its inmates.[2] Broach

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited September 8, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited September 8, 2022).

filed the instant motion on August 29, 2022, requesting compassionate release based on his medical conditions. Doc. 949, Mot., 2–4. The Court reviews Broach's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Broach's request for compassionate release because he has not shown extraordinary and compelling reasons for his release.

A.     *Broach Has Shown Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The plain text of § 3582(c)(1)(A) provides two grounds to satisfy the administrative-exhaustion requirement—the first prong is a "full exhaustion" requirement, while the second prong is a "statutory exception to the preceding 'full exhaustion' requirement." *United States v. Ezukanma*, 2020 WL 4569067, at *5 (N.D.

Tex. Aug. 7, 2020). To comply with the latter prong, a defendant may show that thirty days have passed since the warden's receipt of his compassionate release request—irrespective of whether the warden acts on the request. *See id.*

Here, the Court finds that Broach satisfied the exhaustion requirement. Broach attaches a copy of a letter from the warden of Edgefield FCI dated March 28, 2022, denying his request for compassionate release. Doc. 949, Mot., 5. This same letter states that Broach originally filed his request with the BOP on January 20, 2022. *Id.* Thirty days have lapsed since Broach filed his request with the BOP, satisfying the second prong of the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). The Court now turns to the merits of Broach's motion.

B.    *Regardless of Exhaustion, Broach Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Broach has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § *id.* 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical

- 3 -

condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[3] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). "Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Broach's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Broach has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Broach argues for compassionate release based on (1) his medical conditions that place him at higher risk of serious illness from COVID-19, including "Stage 3 chronic kidney disease with a gradual loss of kidney function down to 34%", hypertension, hepatitis C, and gout; (2) his age; (3) "non-retroactive change in sentencing law"; and (4) his family circumstances. Doc. 949, Mot., 2–4. The Court discusses each argument below.

While Broach's medical conditions could become serious and may now place him at somewhat higher risk from COVID-19, he does not attach documentation to support the severity of his conditions or show that these conditions "substantially diminish[ ] [his] ability . . . to provide self-care" while he is incarcerated. *See* § 1B1.13(1)(A) cmt. n.1. The documentation that Broach provides merely lists his medical conditions. Doc. 949, Mot., 6. Specifically for kidney disease, the

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

limited documentation does not state the level of kidney function beyond "stage 3 (moderate)" or that the condition is worsening. *Id.* If properly treated, Broach's kidney disease, even at stage 3, will not lead to kidney failure or require a transplant. *See generally* Att'ys Med. Deskbook § 24.34 (4th Oct. 2021) (describing kidney disease and the factors for the disease's rate of progression); *End-Stage Renal Disease*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/ diagnosis-treatment/drc-20354538 (last visited Sept. 2, 2022) (explaining the stages of kidney disease). Without documentation that describes the care—or lack thereof—Broach is receiving for his medical conditions, the Court cannot assess the severity of Broach's conditions and whether these conditions have substantially diminished his ability to provide self-care. *Cf. United States v. Garza*, 2021 WL 1263945, at *2 (N.D. Tex. Apr. 6, 2021); *United States v. Moreno*, 2021 WL 389829, at *3 & n.6 (N.D. Tex. Feb. 4, 2021). Taking into consideration all of Broach's conditions with the limited medical record, the Court does not find that Broach's medical conditions establish extraordinary and compelling reasons warranting compassionate release.

Broach's age is also not an extraordinary and compelling reason for compassionate release. While only persuasive, § 1B1.13 states that age is an extraordinary and compelling reason for compassionate release if an individual: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." § 1B1.13(1)(A) cmt. n.1(B). At the age of fifty-three, Doc. 949, Mot., 3, Broach falls below the first prong of section 1B1.13. Considering this guidance as persuasive and in its discretion, the Court finds that Broach's age does not establish an extraordinary and compelling reason for compassionate release.

Next, no non-retroactive change in sentencing law warrants compassionate release on this motion. Broach does not identify any relevant change in sentencing law that applies to him, so the Court cannot evaluate this argument. *See id.* at 3–4.

Lastly, Broach's family circumstances do not warrant compassionate release. Broach states that his "mother . . . now resides in a retirement home and only has one sister, 73 years old, to look after her." *Id.* at 4. Broach, as an only child, would like the opportunity to "take care of his mother and bring her home." *Id.* Section 1B1.13 describes two instances where family circumstances might warrant extraordinary and compelling reasons: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[; or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13(1)(A) cmt. n.1(C). Broach's family circumstances fall into neither category. *See id.* Further, Broach's mother currently has caregivers at the retirement home and her sister to assist with her care. Doc. 949, Mot., 4. While the Court sympathizes with Broach's commendable desire to take care of his mother, the Court—considering the guidance of § 1B1.13 and applying its discretion—finds that Broach's family circumstances do not establish an extraordinary and compelling reason for compassionate release.

Taking into consideration Broach's medical conditions, age, any non-retroactive change in sentencing law, and family circumstances as a whole, the Court also finds that Broach has not established extraordinary and compelling reasons warranting his compassionate release.

## IV.

## CONCLUSION

Broach's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For this reason, the Court **DENIES WITHOUT PREJUDICE** Broach's Motion (Doc. 949).

By denying Broach's Motion without prejudice, the Court permits Broach to file a subsequent motion for compassionate release in the event that he can (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. However, to the extent that Broach merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Broach fails to show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED**.

**SIGNED: September 8, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE